J-S10042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARVIN SCOTT | : | |
| | : | |
| Appellant | : | No. 924 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 18, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0002435-2020

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 16, 2023**

Appellant, Marvin Scott, appeals from the judgment of sentence imposed on November 18, 2021 in the Court of Common Pleas of Philadelphia County following entry of his open guilty plea to third-degree murder, possessing instruments of crime, and simple assault.[1,2]  Appellant contends the sentence imposed by the trial court violated the Sentencing Code because the court did not give reasons for the sentence imposed and failed to consider Appellant's background and rehabilitative needs.  Appellant further claims that the court imposed an excessive sentence.  Upon review, we affirm.

---

[1] 18 Pa.C.S.A. §§ 2502(c), 907, and 2701, respectively.

[2] Appellant entered his guilty plea on June 30, 2021.  Sentencing was deferred for preparation of a presentence report and a mental health evaluation.

As the trial court explained:

On Tuesday, January 14, 2020, officers responded to a call at 6000 Upland Street in Philadelphia, PA. Upon the officers' arrival, Rochelle Jackson, "Decedent," was found unresponsive on the kitchen floor of the home. The Decedent was pronounced at 2:37 a.m. An autopsy revealed that the Decedent suffered from several stab wounds to the body, and the manner of death was ruled a homicide.

The Decedent's son, Jeffrey Burroughs, Jr., told police that he awoke to his mother's screams and found the Appellant standing over the Decedent's body, stabbing her repeatedly. Mr. Burroughs struggled with the Appellant and wrestled a knife away from him. The Appellant provided a post-Miranda statement admitting to stabbing the Decedent. The Appellant stated that he and the Decedent were drinking and using cocaine when the Decedent hit him with a metal bar. The Appellant stated that he took a knife from the Decedent and proceeded to stab the Decedent with it. A metal bar was not recovered from the scene. The Appellant and the Decedent had dated for approximately four years.

On June 30, 2021, the Appellant entered a non-negotiated guilty plea to one count of third-degree murder, one count of possessing an instrument of crime (PIC), and one count of simple assault. This court sentenced Appellant to 2½-5 years' incarceration on the PIC charge to run consecutively to 20-40 years' incarceration on third-degree murder on November 18, 2021. No further penalty was imposed on the simple assault charge. Appellant was sentenced to a total of 22½-45 years' confinement.

Trial Court Opinion, 8/8/22, at 1-2 (with minor alterations).

After post-sentence motions were denied by operation of law, Appellant filed a timely appeal with this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following question for our review:

[The Superior Court] shall vacate a sentence and remand the case for resentencing if it finds that the sentencing court violated the Sentencing Code. Did the lower court abuse its discretion when

- 2 -

the court 1) gave no reasons for the sentence imposed, 2) failed to consider Appellant's background and rehabilitative needs, and 3) imposed an excessive sentence?

Appellant's Brief at 3.

Appellant does not challenge the legality of the sentence imposed; he challenges only the discretionary aspects of his sentence. As this Court observed in **Commonwealth v. Crawford**, 257 A.3d 75 (Pa. Super. 2021):

> The right to appeal the discretionary aspects of one's sentence is not absolute, and the jurisdiction of this Court must be properly invoked. To raise a substantial question, an appellant must satisfy the following four-part test:
>
>> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, **see** Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

**Id.** at 78 (quoting **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220-21 (Pa. Super. 2011)).

Our review of the record confirms that Appellant filed a timely notice of appeal and that he properly preserved the issue in his post-sentence motion. Further, he has included a Rule 2119(f) statement in his brief filed with this Court. Therefore, we must determine if he has satisfied the fourth prong by

raising a substantial question that his sentence is not appropriate under the Sentencing Code.

In **Commonwealth v. Patterson**, 180 A.3d 1217 (Pa. Super. 2018), we reiterated that "[a] substantial question is raised when an appellant 'advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.'" **Id.** at 1232 (quoting **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa. Super. 2011)).

Appellant first claims that the trial court failed to give reasons for the sentence imposed. "An allegation that a judge 'failed to offer specific reasons for [a] sentence does raise a substantial question.'" **Dunphy**, 20 A.3d at 1222 (quoting **Commonwealth v. Reynolds**, 835 A.2d 720, 734 (Pa. Super. 2003)).

Appellant next contends that the trial court failed to consider his background and rehabilitative needs. In **Commonwealth v. Dodge**, 77 A.3d 1263 (Pa. Super. 2013), we found that the appellant's claim "that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense . . . presents a substantial question for our review." **Id.** at 1273 (citing, *inter alia*, **Commonwealth v. Riggs**, 63 A.3d 780, 786 (Pa. Super. 2012) (averment that court "failed to consider relevant sentencing criteria,

including the protection of the public, the gravity of the underlying offense and the rehabilitative needs" of the defendant raised a substantial question)).

Finally, Appellant argues that the trial court imposed an excessive sentence. In determining whether a substantial question exists, we do not examine the merits of whether the sentence is actually excessive. *Dodge*, 77 A.3d at 1270 (citing *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987)). "Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable." *Id.*

> This Court is not required to accept
>
> bald allegations of excessiveness. Rather, only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.

*Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002). Here, Appellant couches his excessiveness claims in terms of the court's failure to consider his rehabilitative needs. Because we have already determined that the failure to consider rehabilitative needs raises a substantial question, we shall consider his claim of excessiveness in that context.[3]

---

[3] Although the trial court imposed a sentence in the aggravated range for Appellant's PIC conviction, Appellant does not frame his excessive sentence
*(Footnote Continued Next Page)*

Our well-settled standard of review concerning the discretionary aspects of sentencing is as follows:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court [is] in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

**Patterson**, 180 A.3d at 1231-32 (quoting **Commonwealth v. Moury**, 992 A.2d 162, 169–70 (Pa. Super. 2010) (citation omitted)).

Here, the trial court addressed each of Appellant's three contentions, *i.e.*, failure to state reasons for the sentence, failure to consider his background and rehabilitative needs, and imposition of an excessive sentence. With regard to stating reasons for the sentence, the trial court noted that Pa.R.Crim.P. 704 directs the sentencing judge to state on the record reasons for the sentence imposed. Trial Court Opinion, 8/8/22, at 5. The court

---

claim in that context. Rather he argues the sentence was excessive for failure to consider, *inter alia*, his rehabilitative needs.

similarly acknowledged that 204 Pa. Code § 303.1 requires a statement of the reasons for imposing a sentence for a felony or misdemeanor. *Id.*

This Court has recognized that "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010) (citation omitted). Importantly, as our Supreme Court has explained:

> Where pre-sentence reports, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. . . . Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

*Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12, 18 (1988). *See also Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa. Super. 2014) (same). Therefore, the requirement for stating the reasons for imposing a sentence "is met if the court states on the record that it has consulted a pre-sentence report." *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (citing *Devers*, 546 A.2d at 18).

Here, the trial court noted:

> "[Appellant's] counsel introduced, and this court considered, a broad range of evidence including: a psycho-social history report, a presentence report, and a mental health evaluation. This court noted receipt and review of the submitted documentation for the record prior to announcing the sentence. N.T. 11/18/2021, 4. In addition, this court stated for the record, review of the prior record

score, offense gravity score, and sentencing guidelines. ***Id.*** Moreover, this court explicitly enumerated the documents that were reviewed for the record and noted consideration of arguments from counsel, victim impact statements, and Appellant's allocution. N.T. 11/18/2021, 26-27. As a result, this court sufficiently fulfilled its requirement in acknowledging presented evidence, thus forming the court's reasoning for imposing the sentence.

Trial Court Opinion, 8/8/22, at 6 (footnote and some capitalization omitted).

We find the trial court adequately stated its reasons for the sentence imposed. Appellant's assertion in this regard fails.

Appellant next argues that the trial court failed to take his background and rehabilitative needs into consideration. We disagree. As the trial court indicated:

Appellant has an extensive criminal history that involved varying periods of incarceration beginning at 18 years of age. At approximately 52 years of age, Appellant acknowledged for the record, his inability to overcome his substance abuse that has ultimately led to his increasingly violent criminal activity. N.T. 11/18/2021, 24-25. This court was provided with the appropriate mitigation documents before and during the sentencing hearing that reiterated Appellant's background, and desire for rehabilitation despite numerous attempts. While Appellant accepted responsibility for the crime committed, this court appropriately considered the totality of circumstance when imposing the sentence.

***Id.*** at 12 (some capitalization omitted).

Further evidence that the trial court considered Appellant's rehabilitation needs and mental health is found in the trial court's on-the-record statement, in which it recommended that Appellant be housed at SCI Waymart because "[t]hat's the one place that I can think of unless you know someplace else."

N.T., Sentencing, 11/18/21, at 30. In response, Appellant's counsel stated, "That's the only place I know of that even pretends to do mental health." *Id.*

The record reflects that the trial court took Appellant's background and rehabilitative needs into consideration. Appellant's second assertion fails.

Finally, Appellant suggests that the trial court imposed an excessive sentence. While noting that deference must be afforded the trial court's sentencing decisions, Appellant complains that the trial court failed to address rehabilitation while imposing "the longest sentence it could legally impose." Appellant's Brief at 17. "And because of that, it is likely that Appellant will die in prison given his age and declining health, even if he is paroled after serving the minimum of 22½ years." *Id.* at 17-18.

The trial court countered Appellant's argument, explaining that it considered the totality of the circumstances when imposing an aggravated sentence for PIC. The court acknowledged the standard range and additional time for aggravating factors and noted, "Appellant's repeated offenses in conjunction with numerous parole/probation violations, and the grotesque nature of the crime committed, influenced an upward deviation." Trial Court Opinion, 8/8/22, at 8. As the court recognized:

> The Appellant was in a long term, domestic relationship with the decedent. Amid significant substance abuse and rage, the Appellant killed the decedent in her own home, brutally, and relentlessly stabbing the decedent eleven times with a knife. Based on uncontested facts, the Appellant [] openly pled guilty to the charge of third degree murder. During allocution, the Appellant acknowledged that he "regret[s] the fact I'm not staying

clean," and that he "went too far . . . hav[ing] taken a life of a mother, daughter, sister, grandmother." N.T. 11/18/2021, 24-25.

Furthermore, this court considered the Appellant's extensive criminal history. The Commonwealth sentencing memorandum outlined Appellant's 15 prior arrests, 11 adult convictions, and 25 violations of parole/probation. . . .

Appellant's malicious act was a blatant disregard for human life. When combined with a prior history of violent acts, and overall inability to successfully rehabilitate over the course of three decades, this court did not manifestly impose an excessive and unreasonable sentence. Instead, after careful consideration and review of the totality of the circumstances, this court imposed a sentence consummate [*sic*] with not only the nature of the crime, but one that is also consistent with the protection of the public and in the interest of fairness to the victim.

*Id.* at 8-9 (footnote and some capitalization omitted).

We find no merit in Appellant's assertion that the trial court imposed an excessive sentence. Appellant's excessiveness claim fails.

Appellant has failed to demonstrate an abuse of discretion on the part of the trial court. Therefore, Appellant is not entitled to relief on his discretionary aspects of sentencing claims.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2023